UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
FRANKFORT DIVISION

IN RE:

SAMUEL D PLAPP, SR. and                                    CASE NO. 09-30269
LORINDA F PLAPP

DEBTORS

WILLIAM J. RAMSEY, SR.                                     PLAINTIFF

v.                                                         ADV. NO. 09-3013

SAMUEL D PLAPP, SR.                                        DEFENDANT

**MEMORANDUM OPINION**

This matter having come before the Court upon a trial held on November 24, 2009, and the matter having been taken under submission, the Court hereby issues this Order.

This matter is submitted on the issue of whether there is a debt owed to Plaintiff that is nondischargeable under 11 U.S.C. § 523(a)(2)(A) and/or 11 U.S.C. § 523(a)(6).

This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334 and § 157, and this matter is a core proceeding under 28 U.S.C. § 157.

Facts

The Defendant was the President of SMP Enterprises, Inc., a Kentucky Corporation, doing business under the assumed name of Plapp's Pro Outdoors as of November 2, 2007.

On November 2, 2007, Plaintiff entered into a consignment contract with SMP Enterprises, Inc. placing a 2006 Nomad 23 foot camper for sale by consignment with Plapp's Pro Outdoors.

On March 10, 2008, Plapp's Pro Outdoors, through the direct

efforts of Defendant, signed the contract for sale of the 2006 Nomad 23 foot camper to Homer Jackson. Homer Jackson paid to Plapp's Pro Outdoors the sum of $4,240.00 plus delivering a 1989 boat as trade-in to the Plapp's Pro Outdoors lot in Florence, Kentucky. No value for the trade-in boat was identified in the contract at the time the contract was signed. Possession of the camper was delivered to Homer Jackson on the same day.

    Homer Jackson remained in possession of the 2006 Nomad 23 foot camper for approximately five months during which time the camper was pulled approximately 120 miles on two trips. Title to the camper was not transferred to Homer Jackson, but three temporary tags were delivered by Plapp's Pro Outdoors to Homer Jackson to permit his use of the camper.

    Homer Jackson learned from Plaintiff's wife that Plaintiff was the titled owner of the 2006 Nomad 23 foot camper and that an outstanding lien on the camper in favor of Delta Community Credit Union had never been paid off and was still outstanding. He also learned that Plaintiff had been unaware of the transfer of the camper into Jackson's possession. Homer Jackson subsequently rescinded his attempted transaction with Plapp's Pro Outdoors and returned the camper, with Plapp's Pro Outdoors purchasing the 1989 trade-in boat for $3,000.00.

    On June 11, 2008, Plaintiff was informed by Defendant: (1) the 2006 Nomad 23 foot camper had been sold; (2) that Plaintiff would pocket $7,000.00 from the sale; and (3) that Defendant and SMP Enterprises, Inc. doing business under the assumed name of Plapp's Pro Outdoors would take care of the outstanding indebtedness owed on the camper to Delta Community Credit Union in the approximate amount of

$11,000.00 - $12,000.00. The Court finds that all three of these representations were material and false. The representations were intended to deceived Plaintiff, were known by Defendant to be false at the time they were made, were justifiably relied upon by Plaintiff, and that reliance was the proximate cause of loss suffered by Plaintiff.

On April 1, 2009, Defendant filed bankruptcy.

Sometime after the bankruptcy filing, Plaintiff went to the Plapp's Pro Outdoors lot and regained the 2006 Nomad 23 foot camper.

The 2006 Nomad 23 foot camper was purchased for $13,900.00 in 2006. It had a value of $13,000.00 on November 2, 2007. It had a value of $12,500.00 when regained by Plaintiff.

Conclusions of Law

"In order to except a debt from discharge under § 523(a)(2)(A), a creditor must prove the following elements: (1) the debtor obtained money through a material misrepresentation that, at the time, the debtor knew was false or made with gross recklessness as to its truth; (2) the debtor intended to deceive the creditor; (3) the creditor justifiably relied on the false representation; and (4) its reliance was the proximate cause of loss." In re Rembert, 141 F.3d 277 (6th Cir. 1998). Here, the only possible issue is whether the Defendant obtained money. However, that issue is easily resolved because 11 U.S.C. § 523(a)(2) states that the exception to discharge is not only for money, but for property, etc. Clearly Defendant had Plaintiff's property from November 2, 2007, until sometime after April 1, 2009. The Court finds that Defendant has committed fraud pursuant to 11 U.S.C. § 523(a)(2)(A).

11 U.S.C. § 523(a)(6) excepts from discharge any debt for willful

and malicious injury by the Debtor. Section 523(a)(6) generally relates to torts and not to contracts. *See* Barbachano v. Allen, 192 F.2d 836 (9th Cir. 1951). Here there is no tort involved but rather a consignment contract. There is insufficient evidence to conclude that 11 U.S.C. § 523(a)(6) applies.

Plaintiff is entitled to compensatory damages. "The purpose of compensatory damages is to make the plaintiff whole-that is, to compensate the plaintiff for the damage that the plaintiff has suffered." Saldana Sanchez v. Vega Sosa, 175 F.3d 35 (1st Cir. 1999). Here, Plaintiff relinquished the camper on November 2, 2007, when it was valued at $13,000.00 and recovered the camper after April 1, 2009, when it was valued at $12,500.00. Thus compensatory damages are $500.00. There is insufficient evidence that punitive damages are warranted. Attorney fees shall not be awarded as the consignment contract does not contemplate attorney fees.

This memorandum opinion constitutes the Court's findings of fact and conclusions of law. A separate judgment order shall be entered.

Copies to:

C. Ed Massey, Esq.
Randy J. Blankenship, Esq., 504 Erlanger Road, Erlanger, KY 41018 (service by U.S. mail)
Dennis R. Williams, Esq.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Joseph M. Scott, Jr.*
**Bankruptcy Judge
Dated: Friday, December 04, 2009
(jms)**